# SUPREME COURT OF TEXAS.

## TYLER TERM, 1879.

---

### M. V. Good v. Fannie Good.

1. GUARDIANSHIP—PRESUMPTIVE HEIR.—The presumptive heir is not included by the statute in the list of those disqualified from being appointed guardian. (Rev. Stats., art. 2504.) When there is no ascendant in the direct line, the statute gives the preference to the next of kin who comes immediately after the presumptive heir. (Rev. Stats., art. 2500.)

2. SAME.—The discrimination of the statute against the appointment of the presumptive heir as guardian, applies only when he is of the collateral kindred, and it is not its purpose to require the guardianship to be given to one not of the kindred of the orphan, rather than to the presumptive heir.

APPEAL from Wood. Tried below before the Hon. John C. Robertson.

*W. S. Herndon,* for appellant.

GOULD, ASSOCIATE JUSTICE.—The facts necessary to a proper understanding of this case, and the legal grounds on which it was disposed of, fully appear in the written opinion of the district judge embraced in the record, as follows:

"The applicant, M. V. Good, files his application to be appointed the guardian of the persons and estates of the minor children, Harry L. and Nina Good.

"This application is resisted by Mrs. Fannie Good, who prays that she be appointed such guardian. The facts set out in the pleadings and admitted on the trial, show that these two minors are children of T. G. Good, deceased,—Nina, about

( 1 )

nine years of age, by the first wife of T. G. Good, and Harry L. by the second wife; both of said wives have departed this life, and the said T. G. Good has departed this life, leaving Fannie Good, his third wife, surviving him, and who is now the contestant for said guardianship, and is the step-mother of the minors. It is further shown that these two minors are entitled, by inheritance from their mothers and father, to a considerable estate, both real and personal; that the girl, Nina, has neither grandfather nor grandmother living, and the boy, Harry L., has a grandmother on his mother's side living, to wit, Mrs. Fannie Terrell; that M. V. Good, the applicant, is the brother of the deceased father of said minors, and the said minors are the only children of the said T. G. Good, and the only children of their respective deceased mothers.

"By section 14 of an act approved August 18, 1876, it is provided: 'In case the orphan has no ascendant in the direct line, the guardianship shall be given to the nearest of kin in the collateral line who comes immediately after the presumptive heir or heirs of the orphan.'

"The first question for consideration is whether M. V. Good is heir presumptive of the said minor children, and would he inherit their estates, or any part of them, in case of the death of said minors?

"There can be no doubt but Nina is heir presumptive to the estate of Harry L., and that Harry L. is heir presumptive to the estate of Nina.

"The application is here made for the guardianship of both the minors by the same person, and will be treated as one. If there was but one of these children, the death of that one would cast the descent to, first, the father and mother; second, to brothers and sisters; in the absence of these, inheritance to be divided into two equal moieties, one of which to go to the paternal and one to the maternal kindred. If there be neither grandfather nor grandmother, then to their descendants.

"Now, in the case of Nina and Harry L. jointly, if they

were both to die their estates would go, in part at least, to the
descendants of their grandfather, that is, their father's father.
It is unnecessary to trace the matter so as to show what part
would be inherited by the children of their grandfather.   M.
V. Good being one of them, he is heir presumptive to the two
children, but to either one of them separately he would not
be heir presumptive, because one of them is heir to the other
in case of death.

"If it was the policy of the law in excluding the presump-
tive heir from guardianship, it seems the reason becomes more
cogent when the amount of property is doubled by both of
the children being placed in the hands of the same guardian.

"If the application had been made for the guardianship of
one of the children, M. V. Good would not have been dis-
qualified as to that one.   Mrs. Fannie Terrell would be enti-
tled to the guardianship of Harry L., being his grandmother,
but having appeared and abandoned her claim, her rights are
not considered.   Her declination in favor of another, or trans-
ferring her right to another, cannot be considered or respected,
except as advisory merely.   To appoint the applicant guard-
ian for both children, would be inconsistent with the purpose
and spirit of the law, which prohibits the heir presumptive
from being appointed guardian.   M. V. Good will, therefore,
be appointed guardian of the person and estate of Nina Good
and of the estate of Harry L. Good, and Mrs. Fannie Good
will be appointed guardian of the person of Harry L. Good,
and decree will be accordingly so entered.

(Signed)          JOHN C. ROBERTSON, *Judge.*"

M. V. Good appeals from so much of the judgment as
awards the guardianship of the person of Harry L. Good to
the contestant.

Our opinion is, that the court below erred in holding that
the law "prohibits the heir presumptive from being appointed
guardian."

The statute specifies the persons entitled to be appointed
guardians, and the classes of persons "who shall not be so

appointed." (Rev. Stats. 1879, title GUARDIAN AND WARD, ch. 4.) The presumptive heir is not included in the list of those disqualified. (Rev. Stats., art. 2504.)

In cases where there is no ascendant in the direct line, the statute gives the preference to the next of kin who comes immediately after the presumptive heir. (Rev. Stats., art. 2500.) It is nowhere prescribed that one not of kin to the orphan shall, in any case, be entitled to the guardianship in preference to the presumptive heir. The discrimination against the presumptive heir applies only where he is of the collateral kindred, and, in that case, extends only so far as to postpone his right to that of the next of kin after him. (Rev. Stats., art. 2498.) But it does not follow, because he is not the person entitled to the guardianship, that therefore he is disqualified. When no person entitled to the guardianship applies, then some proper person, though not entitled, may be appointed. (Rev. Stats., art. 2503.)

In our opinion, it is not the purpose of the statute to require the guardianship to be given to one not of the kindred of the orphan, rather than to the presumptive heir.

The action of the court was evidently based solely on the erroneous construction given to the statute, the applicant being regarded as within the spirit of the supposed prohibition.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 14, 1879.]